■ In the Matter of IRVING J. PANZER, Appellant, v. ALBERT T. HAYDUK et al., Constituting the Board of Elections of Westchester County, Respondents. — In a proceeding pursuant to section 330 of the Election Law, judgment of the Supreme Court, Westchester County, dated August 30, 1971, reversed on the law, without costs, and application to compel the respondent Board of Elections to determine the order of names on the primary ballot by a drawing of lots pursuant to subdivision 2 of section 104 of the Election Law is granted. The petitioner is a candidate in the primary election for councilman from the 5th Ward in Yonkers, New York. Voting machines have been and are in use in primary elections in the City of Yonkers. Petitioner's name was placed second on the machine after the name of his opponent. It is his contention that this is improper because the designation of places of candidates on the ballot is governed by subdivision 2 of section 104 of the Election Law, which provides that the board, with which the designations for public office are filed, shall determine by lot, upon two days' notice by mail given by such board to each candidate, the order in which names of the candidates for public office to which not more than one person is to be elected shall be printed on the official primary ballot, under the title of the office or position. In rejecting petitioner's contention that this section was applicable, the court below ruled that subdivision 2 of section 104 is applicable only to paper ballots, not to primaries decided by voting machines, which, it ruled, were covered by subdivision 1 of section 104 of the Election Law. In our opinion, subdivision 2 of section 104 of the Election Law governs, and mandates that the position on the voting machine be determined by lot. Rabin, P. J., Munder, Shapiro, Gulotta and Benjamin, JJ., concur.

(September 2, 1971)

■ In the Matter of MICHAEL KOSTYRKA, Appellant, v. BOARD OF ELECTIONS OF THE COUNTY OF NASSAU, Respondent.— On the court's own motion, its decision dated September 1, 1971 (37 A D 2d 773) is amended so that the last sentence of the second (final) paragraph reads as follows: " Since the earlier petition specifying the 13th Election District was valid, and the candidates did nothing to decline such designation, their designation as candidates in the second, later petition filed, specifying the 6th Election District, must be considered null and void." Order dated September 1, 1971 amended accordingly. Rabin, P. J., Munder, Shapiro, Gulotta and Benjamin, JJ., concur.